IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:17-cr-270-LMB |
| | ) |
| WAQAR HUSSAIN KHAN. | ) |
| | ) |
| *Defendant*. | ) |

## MOTION OF THE UNITED STATES TO CERTIFY
## CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT

Absent special findings, the Speedy Trial Act requires trial to commence within 70 days of the public filing of an indictment or defendant's first appearance before a judicial officer if defendant pleads not guilty. *See* 18 U.S.C. § 3161(c)(1). As defendant made his initial appearance before the magistrate judge on Thursday, July 24, 2025, that 70-day clock would run on Thursday, October 2, 2025. Because this timeframe does not reasonably allow adequate preparation for pretrial proceedings and commencement of the trial itself, the United States respectfully requests that the Court certify this case as unusual and complex and find that the ends of justice in a continuance outweigh any interest of the public or defendants in a speedy trial.

Section 3161(h)(7)(B)(ii) permits the Court to grant continuances beyond the 70-day time limit of the Speedy Trial Act when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *See also United States v. Reavis,* 48 F.3d 763, 771 (4th Cir. 1995). For a variety of reasons, this case is both unusual and complex, and it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the 70-day

time frame set forth in the Speedy Trial Act. The government respectfully requests that, rather than scheduling the matter for trial at the arraignment, the Court set a status hearing 90 days from the date of the arraignment: Monday, November 3, 2025.[1]

The indictment alleges that this defendant was an active participant in a criminal conspiracy which involved five young men from the northern Virginia area.  Those five defendants, Ahmed Ameer Minni, Ramy Said Zamzam, Aman Hassan Yemer, Umar Farooq Chaudhry, and Waqar Hussain Khan, left the United States in late-2009 and flew to Pakistan for the purpose of traveling onward to Afghanistan in order to defend Muslims against American and other foreign troops there.  Prior to their departure they had been influenced by a facilitator overseas who encouraged them to make this journey.  Shortly before their departure defendant Zamzam made a "final message" video which explained the reasons for this trip.  Among the reasons he cited was a need for Muslims who were able to go overseas to assist their fellow Muslims physically, by fighting. He characterized this as an obligation.  Soon after arriving in Pakistan, all five defendants were arrested by Pakistani authorities and ultimately charged with terrorism offenses there.  They were sentenced to ten-years in prison in Pakistan.  After completing his jail term in Pakistan, defendant Khan was ultimately returned to the United States in the custody of the FBI.  At his initial appearance on July 24, 2025, the defendant bonded out.  He is currently living with his family in Alexandria under conditions of supervised release.

In addition to the unique and complex circumstances alleged in defendant's planning and successful travel overseas to seek to fight in Afghanistan, the government will be producing to defense counsel voluminous discovery, which is not at all unusual for a national security case

---

[1] The 90th day following the arraignment actually falls on Saturday, November 1st, so the next weekday after that date is Monday the 3rd.

involving five defendants. Given this case's national security and terrorism components, the government anticipates that pretrial proceedings under the Classified Information Procedures Act, 18 U.S.C. app. 3, may be necessary.[2]

The government will be providing discovery materials to the defense well in advance of the requested status hearing. The government will also endeavor to reach mutually acceptable protective orders and discovery orders to propose to the Court. Scheduling a status hearing rather than a trial date will give the defense time to assess the nature of the evidence, identify potential motions, and determine how much time will be needed to prepare for trial. It will also give the parties time to discuss a potential resolution of this case. Given that all of the other defendants who were deemed competent ultimately plead guilty in this case, the government is hopeful of achieving a similar result with defendant Khan. Setting this matter out for a status hearing in 90 days will assist in that endeavor.

Therefore, the United States requests that the Court certify the case as unusual and complex and find that the ends of justice served by scheduling a trial beyond the 70-day deadline of the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. The United States further requests that the Court set a status hearing 90 days from the date of the arraignment on July 24, 2025. A proposed order is submitted herewith for the convenience of the Court.

---

[2] It should be noted that a Protective Order Pertaining to Classified Information was entered in this case on August 27, 2020. See, Dkt. No. 44.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:   /s/   John T. Gibbs
John T. Gibbs
Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel of record in this case.

  /s/   John T. Gibbs
John T. Gibbs
Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700