UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 1:17-cr-00270-005 |
| WAQAR HUSSAIN KHAN, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S POSITION ON SENTENCING

I. Introduction

Waqar Hussain Khan, by counsel, respectfully submits this memorandum in support of a requested sentence of time served following his guilty plea to Count Three of the Indictment, charging conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The Presentence Report ("PSR") confirms the conduct arose from the same brief, failed 2009 conspiracy involving Ahmed Ameer Minni, Ramy Said Zamzam, Aman Hassan Yemer, and Umar Farooq Chaudhry. Each of the co-defendants who pled guilty to Count Three has already been sentenced by this Court to time served followed by 20 years of supervised release. PSR ¶¶ 13–16. There is no basis to impose a harsher sentence on the last defendant.

II. The Defendant's Role in the Offense

The conspiracy was initiated and driven by Minni's communications with an online recruiter known as "Saifullah," later identified as Jude Kenan Mohammad. PSR ¶¶ 17–18. Minni and Yemer were the only members of the group who communicated directly with this recruiter and who received guidance on travel and operational matters. PSR ¶¶ 17, 25–30. Khan did not initiate the plot and had no direct contact with the recruiter. Rather, Minni and Yemer approached the defendant at the mosque, informed him of the invitation to wage

jihad, and the defendant initially hesitated before ultimately agreeing to join his lifelong friends. PSR ¶¶ 17, 31.

All five defendants were close friends from high school who lived in the same neighborhood and acted collectively in preparing for the trip, obtaining passports and immunizations, and pooling funds. PSR ¶ 17. Khan's participation was indistinguishable in kind from that of Zamzam and Chaudhry, and materially less than Minni's, who served as the conduit to the recruiter and managed communications. PSR ¶¶ 17–18, 31.

III.   Nature and Circumstances of the Offense

The offense conduct establishes a conspiracy that was aspirational, immature, and ultimately unsuccessful. The group departed the United States in late November 2009 in two waves to avoid suspicion, traveled to Pakistan, attempted unsuccessfully to connect with extremist groups, and were arrested together in Sargodha on December 9, 2009. PSR ¶¶ 20–21, 53. Despite their stated intentions, they never reached Afghanistan, never joined any organization, and never committed any act of violence. PSR ¶¶ 49–53.

Once in Pakistan and unable to reach "Saifullah," the defendants improvised, visiting mosques in Hyderabad and Lahore associated with Jaish-e-Mohammed and Jamaat-ud-Dawa, only to be told they needed references and to travel elsewhere. PSR ¶¶ 50–52. Before any such efforts could progress, all five were arrested together. PSR ¶ 53.

Mr. Khan accepts full responsibility for agreeing to take part in the conspiracy, PSR ¶ 54.

IV.   Extraordinary Punishment in Pakistan

Khan was convicted in Pakistan on terrorism charges and sentenced to ten years' imprisonment, a conviction the PSR recognizes as "part and parcel to the instant offense." PSR ¶ 77. He was incarcerated there until October 2020 and remained in Pakistan until

surrendering to U.S. custody in July 2025. PSR ¶ 77. During the term of his imprisonment, Khan suffered sleep deprivation, lack of food and water, and abuse by guards. PSR ¶ 87.

Like his codefendants, Khan has already paid a heavy price for his conduct. A decade of severe punishment abroad for this same conduct—punishment that far exceeds anything contemplated by our justice system – may be considered by this Court in considering the goals of just punishment and deterrence under § 3553(a)(2).

V. Co-Defendants and Sentencing Parity

Khan's (and his co-defendants) horrific experiences during the decade he spent in prison in Pakistan are undoubtedly a principal reason that the United States and each defendant who has previously been sentenced – Ramy Said Zamzam, Ahmed Ameer Minni, and Umar Farooq Chaudhry – have jointly recommended that the Court impose a sentence of no more than time-served, followed by a 20-year term of supervised release. The defendant's circumstances mirror those of his co-defendants: same conspiracy, same arrest, same Pakistani prosecution, and the same extraordinary punishment. To impose a longer custodial sentence on the last defendant would create the very unwarranted disparity § 3553(a)(6) seeks to prevent.

VI. Guidelines Calculation and Its Limits

The PSR calculates a base offense level of 26 under U.S.S.G. § 2M5.3, with a 12-level terrorism enhancement under § 3A1.4, yielding an adjusted offense level of 38, reduced by three levels for acceptance of responsibility to a total offense level of 35. PSR ¶¶ 62–71. The defendant's actual criminal history score is only two (Category II), but the terrorism enhancement mechanically elevates him to Category VI. PSR ¶¶ 78–80.

As in the case of his co-defendants, this Guidelines range is driven almost entirely by the terrorism enhancement, not by individualized culpability. This Court has already

3

determined in sentencing the codefendants that the advisory range does not deserve controlling weight where it fails to reflect the defendant's actual conduct and history. Consistency requires the same conclusion here.

VII.  History and Characteristics of the Defendant

The PSR portrays a defendant with deep family ties and significant responsibilities. He was born and raised in Alexandria, Virginia, in an intact family, described by his mother as a "smart boy" who always helps others and who worked hard to help his parents pay off their home. PSR ¶¶ 85–86. Since his return to the United States in July 2025, he has lived with and supported his parents and disabled sister, who requires continuous care. PSR ¶¶ 85, 88.

Khan married in Pakistan in February 2025 and hopes to reunite with his wife in the United States. PSR ¶ 89. He is employed full-time as an automobile mechanic assistant, and assists his parents financially while also sending money to his wife. PSR ¶¶ 97, 99. He has complied fully with all conditions of pretrial supervision since July 24, 2025. PSR ¶ 12.

These characteristics demonstrate stability, responsibility, and a genuine effort to rebuild a lawful life—precisely the type of post-offense conduct § 3553(a)(1) encourages courts to reward.

VIII.  Sentencing Uniformity and Sufficiency of Time Served

Section 3553(a) requires a sentence "sufficient, but not greater than necessary." Here, the defendant has already served ten years in Pakistani custody for this same conduct. PSR ¶ 77. Every other co-defendant has been deemed by this Court to have served enough. PSR ¶¶ 13–16. Khan's role was no greater, his conduct no worse, and his circumstances no less mitigating.

Further incarceration would not advance deterrence, protection of the public, or

respect for the law. It would instead undermine the principle of proportionality and uniformity that is central to federal sentencing.

IX.   Conclusion**

Waqar Hussain Khan stands before this Court in a similar position to his codefendants, guilty of the same offense, arising from the same facts, having endured the same extraordinary punishment abroad, and having demonstrated acceptance of responsibility and rehabilitation.

For all of these reasons, and in faithful application of 18 U.S.C. § 3553(a), the defendant respectfully requests that the Court impose a sentence of time served, followed by the same term of supervised release imposed on Minni, Zamzam, and Chaudhry.

/s/ Pleasant Brodnax
Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 200
Washington, D.C., 20006
(202) 462-1100
www.pleasantbrodnax.com
pleasant@pleasantbrodnax.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was filed by CM/ECF on the 27th day of December 2025, which will send a notification of such filing (NEF) to all parties to this proceeding.

/s/ Pleasant Brodnax
Pleasant S. Brodnax, III

5