# Reply Ex. A

BNR
BHANDARI | NAQVI | RIAZ

23 May 2023

**By email**

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

In re: Extradition Proceedings against Umar Farooq Chaudhry and Waqar Hussain Khan

Introduction

1. Bhandari Naqvi Riaz ("**BNR**") responds to the questions asked by the United States Department of Justice ("**USDOJ**") in relation to the extradition of certain individuals to the United States of America (the "**United States**" or the "**US**").

2. The USDOJ had initially provided the following information:

   a. In 2009, five individuals, including Umar Farooq Chaudhry ("**Chaudhry**") and Waqar Hussain Khan ("**Khan**") were charged by a United States Federal Court for conspiracy to kill or maim persons outside the United States.

   b. Chaudhry and Khan are dual US and Pakistan citizens. In December 2009, they were arrested in Pakistan, *inter alia*, on charges of terrorism. After a trial, they were convicted and sentenced to ten years' imprisonment and were released in 2020 upon completion of their sentences.

   c. A federal grand jury in the United States also returned an indictment against all the five individuals mentioned above, charging them with violating certain other criminal laws of the United States. Warrants for their arrests have been issued by a United States Federal Court.

   d. In 2020, the US submitted a request to the Government of Pakistan for the extradition of Chaudhry and Khan (the "**Extradition Request**").

   e. Chaudhry is currently being held in detention in Pakistan and proceedings for his extradition to United States are pending before the Additional Deputy Commissioner (General), Islamabad (the "**ADC(G)**").

   f. Khan has indicated his interest in turning himself in for extradition.

BNR

3. BNR tried to access the record of the extradition proceedings, but the office of the ADC(G) refused such access primarily on the basis that the extradition proceedings were confidential, and the records could not be provided to a stranger to those proceedings.

4. BNR informally established contact with the official of the Federal Investigation Agency ("**FIA**") who is representing the State in the inquiry proceedings being conducted by the ADC(G) who orally informed us that:

   a. The extradition inquiry against Chaudhry was at the evidence stage, partial evidence has already been recorded and the inquiry is likely to conclude in the near future.

   b. The extradition inquiry with respect to Khan has not yet commenced, since Khan has neither been arrested nor yet surrendered himself.

5. In the above context, USDOJ has asked us to answer the following questions, notwithstanding the lack of access to the relevant record, based on our understanding of the law on the subject:

   a. *What is the process for Khan to turn himself in to get extradition proceedings underway?*

   b. *If Khan turns himself in in the near future, is it possible for his extradition inquiry to be tracked with Chaudhry's, so they may return together?*

6. We respond as follows.

Basic Scheme of Extradition Law in Pakistan

7. Extradition proceedings in Pakistan are governed by the provisions of the Extradition Act, 1972 (the "**Act**"). Under the Act a fugitive offender[1] is liable to be apprehended and surrendered[2] on a requisition made to the Federal Government of the Islamic Republic of Pakistan (the "**Federal Government**") by a foreign State.

8. Under section 6 of the Act, a requisition for surrender of a fugitive offender can be made to the Federal Government:

   a. by a diplomatic representative in Pakistan of the State asking for the surrender; or

   b. by the Government of the State asking for the surrender through the diplomatic representative of Pakistan in that State; or

---

[1] Under section 2(d) of the Act, a "*fugitive offender*" means "*the person who, being accused or convicted of an extradition offence is, or is suspected to be, in any part of Pakistan*".
[2] See section 5 of the Act.



BNR

c. in such other manner as may have been settled by arrangement between the Federal Government and the Government of the State asking for the surrender.

9. Pursuant to section 7 of the Act, the Federal Government upon receipt of a requisition for surrender, **if it thinks fit**, will issue an order for an inquiry to be held by a First Class Magistrate who would have had the jurisdiction to try the extradition offence had it taken place in his jurisdiction (the "**Inquiry Order**"). The First Class Magistrate shall then proceed to issue a summon or warrant under section 8 of the Act for the appearance or arrest of a fugitive offender, whereafter the inquiry will formally commence.

10. Extradition inquiries are aimed at determining the existence of a legitimate charge in a foreign State through establishing a *prima facie* case. Extradition inquiries are conducted in a manner similar to a sessions trial but all the rigours of a sessions trial do not apply to such proceedings.[3] For instance, the prosecution does not have to establish its case beyond the shadow of a reasonable doubt,[4] the evidentiary requirements are less stringent and it is not necessary that all facts and documents be proved strictly in accordance with the law.[5]

11. If the Magistrate is satisfied that a *prima facie* case for extradition is made out, he is required to remit a report to the Federal Government. The Federal Government may then issue a warrant[6] for the delivery of the fugitive offender to a person named for this purpose in the warrant.[7]

Khan's surrender

12. As mentioned above in paragraph 9, after the issuance of the Inquiry Order, the Magistrate is to issue a summon or a warrant for the arrest of a fugitive offender. Please note that there is no provision in the Act preventing an accused from turning himself in to a First Class Magistrate i.e., the ADC(G), so that the extradition proceedings may commence. It is settled law in Pakistan that whatever is not prohibited under the law is permitted.[8]

13. Section 8(2) of the Act uses the phrase "*When the fugitive offender **appears** or **is brought before** him, the Magistrate shall enquire into the case...*" [emphasis added]. This suggests that Khan can turn himself in voluntarily before the ADC(G).

---

[3] Muhammad Azam Malik v. Government of Pakistan, PLD 1989 SC 519, 530, 531; Muhammad Asim Malik. Anwar Jalil, PLD 1989 Lah. 279, 291.
[4] Nargis Shaheen v. Federation of Pakistan, PLD 1993 Lah. 732, 767, 768, 769.
[5] Abdul Ghaffar v. Federation of Pakistan, 2000 SCMR 1536, 1545; Muhammad Azam Malik v. Government of Pakistan, PLD 1989 SC 519, 530, 531.
[6] See section 11 of the Act.
[7] The delivery of the fugitive offender shall not take place prior to the expiry of 15 days from their being taken into custody by local authorities under a section 11 warrant.
[8] Pakistan LNG Limited v. Federation of Pakistan, 2022 PTD 1763, 1768.



BNR

14. If a warrant of arrest has already been issued,[9] Khan can turn himself in the following ways:

    a. He can appear before the FIA, which will execute the warrant of arrest, detain Khan and then produce him before the ADC(G).

    b. He can appear directly before the ADC(G), who will pass appropriate orders for his detention.

Can Khan and Chaudhry be returned together?

15. As discussed above, extradition inquiries do not strictly follow the formalities of criminal trials. It is therefore possible that if Khan voluntarily appears and chooses not to oppose the extradition request, the inquiry against him may conclude expeditiously. Under section 265-E(2) of the Criminal Procedure Code, 1898 ("**CrPC**"), where an accused pleads guilty, the court may record such plea and proceed to convict the accused in its discretion. Since in terms of section 8(2) of the Act, the Inquiry is to proceed like a sessions trial, the said provision will *mutatis mutandis* apply to this situation.

16. If, on the basis of any conceding statement recorded by Khan, the ADC(G) is satisfied that a *prima facie* case for extradition is made out, he will submit his report to the Federal Government with his recommendations.

17. In light of the above, if Khan appears and surrenders himself before the conclusion of the inquiry proceedings against Chaudhry, and concedes his extradition, his case may proceed in parallel with Chaudhry's case and it may be possible to have both of them return together to the United States.

Yours faithfully,

Bhandari Naqvi Riaz

**Bhandari Naqvi Riaz**

[9] Since Chaudhry is already in custody, it would be safe to assume that a warrant for arrest of Khan has also been issued. The FIA official has also informed us orally that such a warrant has been issued and is outstanding.